United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2398
_____

Olvin Antonio Recarte-Cruz

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 10, 2023
Filed: August 2, 2023
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

     The Department of Homeland Security began removal proceedings against Olvin Recarte-Cruz in 2016. Recarte-Cruz applied for cancellation of his removal, and the Immigration Judge denied the application. Recarte-Cruz appealed to the Board of Immigration Appeals and moved to remand his case to the IJ to consider

new evidence. The BIA dismissed the appeal, and Recarte-Cruz petitioned this Court for review. We deny Recarte-Cruz's petition for review.

Recarte-Cruz argues that the BIA abused its discretion by denying his motion to remand.[1] "Motions to remand are disfavored, and we review their denial under a highly deferential abuse of discretion standard." Campos Julio v. Barr, 953 F.3d 550, 553 (8th Cir. 2020) (citation omitted). If a petitioner wants to bring new, previously unavailable evidence, "the BIA will remand only if the evidence is of such a nature that . . . [it] would likely change the result in the case." Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (citation omitted). The BIA abuses its discretion in denying a motion to remand to consider new evidence "only when its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Rodriguez v. Barr, 952 F.3d 984, 991 (8th Cir. 2020) (citation omitted); see also Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992) (explaining that motions to remand for the consideration of new evidence are treated as motions to reopen).

At his hearing, Recarte-Cruz argued that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives—his citizen children. At the time, Recarte-Cruz's two older children lived with him while his two younger children lived with their mother. Recarte-Cruz maintained that if he were deported, his two oldest children would move back to Honduras with him while the younger two would stay in the United States with their mother. In 2016, Recarte-Cruz's youngest son, Christian, was diagnosed with an autoimmune disorder. Ultimately,

---

[1]As an initial matter, the Government argues that we do not have jurisdiction to review Recarte-Cruz's petition under the Supreme Court's recent decision in Patel v. Garland, 142 S. Ct. 1614 (2022), because it requires us to make a judgment relating to cancellation of removal. We recently rejected this argument in Llanas-Trejo v. Garland, 53 F.4th 458, 462 (8th Cir. 2022) (distinguishing Patel and finding we have jurisdiction to review the BIA's denial of a motion to reopen a petitioner's cancellation of removal proceedings).

-2-

Appellate Case: 20-2398   Page: 2   Date Filed: 08/02/2023 Entry ID: 5302010

the IJ denied Recarte-Cruz's application for cancellation of removal because his two children's relocation to Honduras was not an exceptional and extremely unusual hardship. The IJ also acknowledged that Christian would be able to receive appropriate medical care because he lived with his mother.

After his hearing, Recarte-Cruz gained sole custody of all four children. He then moved for the BIA to remand his case to consider this evidence, asserting that he would take all four children to Honduras with him if he were deported. The BIA denied the motion, determining that Recarte-Cruz's new custody arrangement would not change the outcome of his removal proceedings.

The BIA did not abuse its discretion by determining that the new custody arrangement would not affect Recarte-Cruz's case. The BIA acknowledged that the new custody order did not indicate that Recarte-Cruz ever informed the court of his immigration proceedings or his desire to relocate his children. Rather, the custody order indicated that the court would need to approve any travel or residency changes for the children.[2] The BIA reasoned that that "[e]ven assuming [Recarte-Cruz] was granted the ability to take all four of his children to Honduras with him . . . [Christian's] medical condition does not appear particularly serious nor has [Recarte-Cruz] submitted documentation to show [Christian] would be unable to obtain medical treatment in Honduras."[3] We conclude that it was not an abuse of discretion to deny Recarte-Cruz's motion to remand.

---

[2]Recarte-Cruz argues that the BIA misstated the evidence. We acknowledge that the BIA stated that the custody order "does indicate" that Recarte-Cruz informed the court of his immigration proceedings. But when read in context, it is clear that this was a scrivener's error, and the BIA meant to say that the custody order "does *not* indicate" such. Accordingly, we decline to entertain Recarte-Cruz's claim that the BIA based its opinion on factual error.

[3]Recarte-Cruz argues that the BIA engaged in impermissible factfinding by remarking that Christian's condition did "not appear particularly serious." See Garcia-Mata v. Sessions, 893 F.3d 1107, 1110 (8th Cir. 2018) (noting that "[t]he [BIA] lacks authority to engage in factfinding of its own"). We disagree. Prior to making this statement, the BIA reiterated the IJ's conclusion that Christian's

Appellate Case: 20-2398    Page: 3    Date Filed: 08/02/2023 Entry ID: 5302010

We deny Recarte-Cruz's petition for review.

_____

---

condition is usually mild and goes away without treatment within four to six weeks. It did not engage in factfinding with its comment summarizing the severity of Christian's condition.

Appellate Case: 20-2398     Page: 4     Date Filed: 08/02/2023 Entry ID: 5302010